# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**CLETAS ROWLAND, individually**                                            **PLAINTIFF**
**and through her power of attorney,**
**Gail Crowe**

**V.**                                                                        **No. 3:13-CV-00011-DMB-SAA**

**GGNSC RIPLEY, LLC, d/b/a**
**Golden Living Center Ripley; GGNSC**
**ADMINISTRATIVE SERVICES, LLC;**
**GOLDEN LIVING; and**
**GOLDEN LIVING-CENTER**                                             **DEFENDANTS**

## ORDER

This is a medical malpractice action brought by Plaintiff Cletas Rowland individually and through her power of attorney, Gail Crowe, against Defendants GGNSC Ripley, LLC, d/b/a Golden Living Center Ripley; GGNSC Administrative Services, LLC; Golden Living; and Golden Living-Center. Plaintiff originally filed suit in the Circuit Court of Tippah County, and Defendants removed the action to this Court.[1] Thereafter, Defendants filed a motion to compel arbitration. Doc. #8. In their motion, Defendants argued that Crowe bound Plaintiff to arbitration when she signed two arbitration agreements on behalf of Plaintiff at the time Plaintiff was admitted to Defendants' facility. *Id.*

On July 2, 2013, District Judge Michael Mills issued an order finding "that the arbitration issues in this case are unusually fact-intensive ones." Doc. #16. Based on this conclusion, Judge

---

[1] This action was removed by Defendants GGNSC Ripley, LLC, and GGNSC Administrative Services, LLC, who represented that the remaining named defendants do not exist, as Golden Living and Golden Living-Center are mere trade names and are not legal business entities. Doc. #1 at 1 n.1. Plaintiff has not challenged this assertion. This Court proceeds under the assumption that Defendants GGNSC Ripley, LLC, and GGNSC Administrative Services, LLC, are the only defendants in this matter. *See Methodist Hosps. of Dallas v. Prudential Healthcare*, No. 301CV1999X, 2002 WL 24255, at *1 n.1 (N.D. Tex. 2002) (accepting defendants' representation that named defendants were actually trade names for true defendant).

Mills denied the motion to compel without prejudice, directed arbitration-related discovery, and afforded the parties an opportunity to "submit revised briefing on this issue after discovery has been completed." *Id*. On October 18, 2013, Magistrate Judge Allan Alexander issued an order directing "that all discovery should be concluded and any briefs and/or re-filing of a motion to compel arbitration should be submitted on or before December 2, 2013." Doc. #25.

On December 2, 2013, Plaintiff filed a "Supplemental Memorandum in Opposition to Defendants' Motion to Compel Arbitration." Doc. #26. Later that day, Defendants filed a renewed motion to compel arbitration [27] and an accompanying brief [28].[2] Plaintiff did not respond to the renewed motion.

In a similar case, Judge Mills found that "[t]he Mississippi Supreme Court arguably suggested in *Adams [Cmty. Care Ctr., LLC v. Reed*, 37 So.3d 1155 (Miss. 2010),] that either a formal power of attorney or health care surrogacy agreement was required in order to allow [a child] to sign a nursing home agreement on behalf of their mother." *Gross v. GGNSC Southaven, LLC*, 3:14-cv-37-MPM-SAA (N.D. Miss. Sep. 3, 2014). In *Gross*, Judge Mills concluded that the text of *Adams* warranted additional briefing on the issue of whether an agent may hold authority to sign an arbitration agreement related to nursing home care in the absence of a formal power of attorney or health care surrogacy agreement executed by the principal. *Id*. This Court reaches a similar conclusion.

Accordingly, the renewed motion to compel arbitration is **DENIED without prejudice**. Defendants shall have fourteen days from the entry of this order to submit a renewed motion which addresses whether Crowe, who did not hold a power of attorney or health care surrogacy agreement, had authority to execute the arbitration agreements on her mother's behalf. Plaintiff

---

[2] The memorandum brief [28] is improperly designated as a motion on this Court's electronic docketing system. The Clerk's Office is directed to correct this error.

shall have fourteen days from the filing date of Defendants' renewed motion to submit a response in opposition. This additional briefing will allow the Court to address a complicated issue of first impression and will provide the parties an opportunity to address the odd procedural posture of the current outstanding motion to compel arbitration.[3]

SO ORDERED, this the 29th day of September, 2014.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] The Court is aware of the length of time this case has been pending and will strive to ensure that the renewed motion to compel arbitration is promptly adjudicated.