IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CLETAS ROWLAND, individually**                                                               **PLAINTIFF**
**and through her power of attorney,**
**Gail Crowe**

V.                                                                    No. 3:13-CV-00011-DMB-SAA

**GGNSC RIPLEY, LLC, d/b/a**
**Golden Living Center Ripley; GGNSC**
**ADMINISTRATIVE SERVICES, LLC;**
**GOLDEN LIVING; and**
**GOLDEN LIVING-CENTER**                                              **DEFENDANTS**

## ORDER

This is a medical malpractice action brought by Plaintiff Cletas Rowland, individually and through her power of attorney, Gail Crowe, against Defendants GGNSC Ripley, LLC, d/b/a Golden Living Center Ripley; GGNSC Administrative Services, LLC; Golden Living; and Golden Living-Center.

### I
### Procedural History

Plaintiff originally filed suit in the Circuit Court of Tippah County, and Defendants removed the action to this Court.[1] Thereafter, Defendants filed a motion to compel arbitration. Doc. #8. In their motion, Defendants argued that Crowe bound Plaintiff to arbitration when she signed two arbitration agreements on behalf of Plaintiff at the time Plaintiff was admitted to Defendants' facility. *Id*.

---

[1] This action was removed by Defendants GGNSC Ripley, LLC, and GGNSC Administrative Services, LLC, who represented that the remaining named defendants do not exist, as Golden Living and Golden Living-Center are mere trade names and are not legal business entities. Doc. #1 at 1 n.1. Plaintiff has not challenged this assertion. This Court proceeds under the assumption that Defendants GGNSC Ripley, LLC, and GGNSC Administrative Services, LLC, are the only defendants in this matter. *See Methodist Hosps. of Dallas v. Prudential Healthcare*, No. 3:01-cv-1999, 2002 WL 24255, at *1 n.1 (N.D. Tex. Jan. 7, 2002) (accepting defendants' representation that named defendants were actually trade names for true defendant).

On July 2, 2013, U.S. District Judge Michael Mills issued an order finding "that the arbitration issues in this case are unusually fact-intensive ones." Doc. #16. Based on this conclusion, Judge Mills denied the motion to compel without prejudice, directed arbitration-related discovery, and afforded the parties an opportunity to "submit revised briefing on this issue after discovery has been completed." *Id*. On October 18, 2013, Magistrate Judge Allan Alexander issued an order directing "that all discovery should be concluded and any briefs and/or re-filing of a motion to compel arbitration should be submitted on or before December 2, 2013." Doc. #25.

On December 2, 2013, Plaintiff filed a "Supplemental Memorandum in Opposition to Defendants' Motion to Compel Arbitration." Doc. #26. Later that day, Defendants filed a renewed motion to compel arbitration, Doc. #27, and an accompanying brief, Doc. #28. Plaintiff did not respond to the renewed motion.

On January 3, 2014, this matter was reassigned to the undersigned district judge. Doc. #30. On September 29, 2014, this Court entered an order noting that:

> In a similar case, Judge Mills found that "[t]he Mississippi Supreme Court arguably suggested in *Adams [Cmty. Care Ctr., LLC v. Reed*, 37 So.3d 1155 (Miss. 2010),] that either a formal power of attorney or health care surrogacy agreement was required in order to allow [a child] to sign a nursing home agreement on behalf of their mother." *Gross v. GGNSC Southaven, LLC*, 3:14-cv-37-MPM-SAA (N.D. Miss. Sep. 3, 2014). In *Gross*, Judge Mills concluded that the text of *Adams* warranted additional briefing on the issue of whether an agent may hold authority to sign an arbitration agreement related to nursing home care in the absence of a formal power of attorney or health care surrogacy agreement executed by the principal. *Id*.

Doc. #37 at 2.

Following Judge Mills' reasoning, this Court denied the renewed motion to compel arbitration without prejudice. *Id*. at 2–3. In so ruling, the Court ordered that:

2

> Defendants shall have fourteen days from the entry of this order to submit a renewed motion which addresses whether Crowe, who did not hold a power of attorney or health care surrogacy agreement, had authority to execute the arbitration agreements on her mother's behalf. Plaintiff shall have fourteen days from the filing date of Defendants' renewed motion to submit a response in opposition. This additional briefing will allow the Court to address a complicated issue of first impression and will provide the parties an opportunity to address the odd procedural posture of the current outstanding motion to compel arbitration.

*Id*.

On October 9, 2014, on Defendants' motion, this Court granted Defendants an extension to file a second renewed motion to compel. Doc. #39. On October 20, 2014, Defendants filed their second renewed motion. Doc. #40.

After Defendants' second renewed motion, this case lay largely dormant for approximately nine months. On July 14, 2015, this Court issued an order noting that, given Plaintiff's failure to file a response in opposition to the second renewed motion, "as it stands today, Defendants' motion may be granted as unopposed." Doc. #42 at 3. However, noting "the somewhat convoluted procedural posture of this case," this Court granted Plaintiff leave to respond to the second motion on or before July 20, 2015. *Id*.

On July 20, 2015, Plaintiff finally filed a responsive memorandum but not a response. Doc. #43. In her memorandum, Plaintiff addressed a number of recent decisions issued in other cases in this district. *Id*.

On July 27, 2015, Defendants filed a motion requesting leave to file a supplemental brief in support of their motion to address the new case law identified by Plaintiff. Doc. #44. Defendants' motion was granted on July 29, 2015. Doc. #45.

On August 10, 2015, acting on an unopposed motion of Defendants, this Court granted Defendants an extension to file their supplemental brief through and until August 19, 2015. Doc.

3

#47. Three days later, on August 13, 2015, Defendants filed a Notice of Death, stating "Ms. Cletus Rowland left this life on or about January 14, 2014." Doc. 48.

On August 24, 2015, following the grant of a second request for an extension, Defendants filed their supplemental brief. Doc. #51.

## II
### Legal Impact of Plaintiff's Death

Generally, when a party dies, at least three legal mechanisms come into play. First, the deceased party loses his capacity to sue or be sued. *See Garlock Sealing Techs., LC v. Pittman*, __ So.3d __, 2010 WL 4009151, at *3 (Miss. Oct. 14, 2010) (complaint filed in name of deceased person null and void); *see also Gulf Refining Co. v. Harrison*, 28 So.2d 221, 222 (Miss. 1946) (suggesting judgment in favor of deceased defendant was either voidable or erroneous).[2] Second, "[a] power of attorney, depending as it does on the consent of the grantor under the instrument, is cancelled immediately on the death of the grantor so that the attorney in fact has no further authority to act on behalf of the grantor." *In re Estate of Pickett*, 879 So.2d 467, 470 (Miss. Ct. App. 2004). Third, assuming some claims are not extinguished, the Court may order substitution of a "proper" party pursuant to Rule 25 of the Federal Rules of Civil Procedure.

Here, Defendants do not contend that Plaintiff's claims were extinguished by her death. Thus, a "proper" party may be substituted in this matter. *See* Fed. R. Civ. P. 25(a). Generally "[u]nless the estate of a deceased party has been distributed at the time of the making of the motion for substitution, the 'proper' party for substitution would be either the executor or administrator of the estate of the deceased." *Madison v. Vintage Petroleum, Inc.*, 872 F. Supp. 340, 342 (S.D. Miss. 1994) (citing Miss. Code Ann. §§ 91-7-233–237 and *Ashley v. Ill. C. Gulf.*

---

[2] An individual's capacity to sue or be sued is determined by the law of the individual's domicile. *See* Fed. R. Civ. P. 17(b). There is no dispute that Plaintiff is a resident citizen of Mississippi. *See* Doc. #2 at ¶ 1.

*R. Co.*, 98 F.R.D. 722, 723 (S.D. Miss. 1983)). If the estate has been closed, the proper party, or parties, would be the distributee or distributees of the estate.[3] *Ashley*, 98 F.R.D. at 723.

There is no indication in this case that Plaintiff's estate has been distributed (or even created) or that Crowe, whose power of attorney terminated sometime in January 2014, has been named executrix or administratrix of Plaintiff's estate. Not only does this procedural posture raise questions as to what impact, if any, orders entered in this action may have on Plaintiff, it calls into question to what extent, if any this Court may consider Plaintiff's response brief filed after Plaintiff's death. *See Madison*, 872 F.Supp. at 342–43 (following death of plaintiff, guardian prosecuting action in plaintiff's name no longer entitled to do so unless appointed executor or administrator of plaintiff's estate); *Harrison*, 28 So.2d at 222; *see also McRae v. Johnson*, 845 So.2d 784, 785 (Ala. 2002) (notice of appeal filed by attorney after death of client was legal nullity).

Under these circumstances, it is hereby **ORDERED**:

1. Within the timeframe specified by Rule 25, Crowe shall either file a motion for substitution, inform the Court why such motion is unnecessary, or notify the Court of her intention to dismiss this action;

2. If substitution of a proper party is made, the substituted party shall have fourteen (14) days to notify the Court whether she wishes to ratify the filings and actions made in this action on Plaintiff's behalf following Plaintiff's death;[4] and

---

[3] The Court notes that, while federal law controls the general mechanism of Rule 25, state law governs who can be deemed an administrator/executor or successor under the rule. *In re Baycol Prods. Litig.*, 616 F.3d 778, 785 (8th Cir. 2010) (citing *Madison*).

[4] *See Northlake Dev. L.L.C. v. BankPlus*, 60 So.3d 792, 796 (Miss. 2011) ("Ratification recasts those legal relations as they would have been had the agent acted with actual authority."); *see also Bergum v. Palmborg*, 239 Minn. 569, 570 (Minn. 1953) (deeming ratified ultra vires acts of attorney following client's death).

3. This action is **STAYED** until: (i) a proper party is substituted for Plaintiff and such party notifies the Court of her intent to ratify or reject the actions taken on Plaintiff's behalf in this case following Plaintiff's death; (ii) it is determined that Crowe, by virtue of her power of attorney (or other relationship), maintains authority to pursue this action in Plaintiff's name; or (iii) Crowe notifies this Court that she no longer wishes to pursue this action.

SO ORDERED, this 4th day of September, 2015.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**