**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

CLETAS ROWLAND, individually                                                            PLAINTIFF
and through her power of attorney,
Gail Crowe

V.                                                                              NO. 3:13-CV-00011-DMB-SAA

GGNSC RIPLEY, LLC, d/b/a
Golden Living Center Ripley; GGNSC
ADMINISTRATIVE SERVICES, LLC;
GOLDEN LIVING; and
GOLDEN LIVING-CENTER                                                            DEFENDANTS

## ORDER ON PENDING MOTIONS

This medical malpractice action is before the Court on three motions filed by GGNSC

Ripley LLC, d/b/a Golden Living Center Ripley, and GGNSC Administrative Services, LLC:

(1) a second renewed motion to compel arbitration, Doc. #40; (2) a motion to dismiss, Doc. #63;

and (3) a motion to strike, Doc. #67. For the reasons below, the motion to dismiss will be

granted in part and denied in part, the motion to strike will be denied, and the motion to compel

will be denied as moot.

**I**
**Relevant Procedural History**

On December 3, 2012, Cletas Rowland, "individually and through her Power of Attorney,

Gail Crowe," filed a complaint in the Circuit Court of Tippah County, Mississippi, against

GGNSC Ripley, LLC d/b/a Golden Living Center Ripley ("GGNSC Ripley"); GGNSC

Administrative Services, LLC; Golden Living; and Golden Living-Center. Doc. #2. The

complaint alleges claims for "Medical Malpractice and Common Law Negligence" based on

injuries Rowland sustained while a resident at the Golden Living Center, a nursing home in Ripley, Mississippi. *Id.*

On January 10, 2013, GGNSC Ripley and GGNSC Administrative Services (collectively, "GGNSC")[1] filed a notice of removal in this Court. Doc. #1. Thereafter, GGNSC filed a motion to compel arbitration. Doc. #8. In the motion to compel, GGNSC argued that Crowe bound Rowland to arbitration when she signed two arbitration agreements on behalf of Rowland at the time Rowland was admitted to GGNSC's nursing home facility. *Id.*

On July 2, 2013, United States District Judge Michael P. Mills[2] denied the motion to compel without prejudice, directed arbitration-related discovery, and afforded the parties an opportunity to submit revised briefing on the issue of Crowe's authority to sign the admissions agreements after the completion of the ordered discovery. Doc. #16. Approximately three months later, on October 18, 2013, United States Magistrate Judge S. Allan Alexander issued an order directing "that all discovery should be concluded and any briefs and/or re-filing of a motion to compel arbitration should be submitted on or before December 2, 2013." Doc. #25.

On December 2, 2013, Rowland filed a "Supplemental Memorandum in Opposition to Defendants' Motion to Compel Arbitration." Doc. #26. Later that day, GGNSC filed a "Renewed Motion to Compel Arbitration" and an accompanying brief. Doc. #27; Doc. #28. Rowland did not respond to the renewed motion.

---

[1] In their notice of removal, GGNSC Ripley and GGNSC Administrative Services represent that the other named defendants do not exist, as Golden Living and Golden Living-Center are trade names and are not legal entities. Doc. #1 at 1 n.1. This assertion has not been challenged. The Court therefore proceeds on the presumption that GGNSC Ripley and GGNSC Administrative Services are the only defendants in this matter. *See Methodist Hosps. of Dallas v. Prudential Healthcare*, No. 3:01-cv-1999X, 2002 WL 24255, at *1 n.1 (N.D. Tex. Jan. 7, 2002) (accepting defendants' representation that named defendants were actually trade names for true defendant).

[2] The case was originally assigned to Judge Mills but reassigned to the undersigned district judge on January 3, 2014. Doc. #30.

On September 29, 2014, this Court denied without prejudice GGNSC's renewed motion to compel arbitration. Doc. #37. In denying the motion, the Court noted: (1) based on the order of the filings, Rowland had failed to respond to GGNSC's supplemental motion; and (2) Judge Mills had recently determined that recent Mississippi Supreme Court jurisprudence "warranted additional briefing on the issue of whether an agent may hold authority to sign an arbitration agreement related to nursing home care in the absence of a formal power of attorney or health care surrogacy agreement executed by the principal." *Id*. at 2. Accordingly, the Court directed:

> Defendants shall have fourteen days from the entry of this order to submit a renewed motion which addresses whether Crowe, who did not hold a power of attorney or health care surrogacy agreement, had authority to execute the arbitration agreements on her mother's behalf. Plaintiff shall have fourteen days from the filing date of Defendants' renewed motion to submit a response in opposition. This additional briefing will allow the Court to address a complicated issue of first impression and will provide the parties an opportunity to address the odd procedural posture of the current outstanding motion to compel arbitration.

*Id*. at 2–3. On October 20, 2014, GGNSC filed a "Second Renewed Motion to Compel Arbitration." Doc. #40.

After GGNSC's second renewed motion, this case lay largely dormant for approximately nine months. On July 14, 2015, this Court issued an order noting that, given Rowland's failure to file a response in opposition to the second renewed motion, "as it stands today, Defendants' motion may be granted as unopposed." Doc. #42 at 3. However, noting "the somewhat convoluted procedural posture of this case," the Court granted Rowland leave to respond to the second renewed motion on or before July 20, 2015. *Id*.

On July 20, 2015, counsel for Rowland filed a responsive memorandum but not a response. Doc. #43. The memorandum addressed a number of recent decisions issued in other cases in this district relating to a purported agent's authority to sign an arbitration agreement. *Id*. On July 27, 2015, GGNSC filed a motion requesting leave to file a supplemental brief in support

of the motion to address the new case law identified in the responsive memorandum. Doc. #44. GGNSC's motion was granted on July 29, 2015. Doc. #45. On August 10, 2015, acting on GGNSC's unopposed motion, the Court granted GGNSC an extension to file the supplemental brief through and until August 19, 2015. Doc. #47.

On August 13, 2015, GGNSC filed a Notice of Death suggesting "to the Court that [Cletas Rowland] left this life on or about January 14, 2014." Doc. #48. On September 4, 2015, this Court entered an order observing that due to her passing, Rowland had lost her capacity to sue or be sued, and that "a power of attorney, depending as it does on the consent of the grantor under the instrument, is cancelled immediately on the death of the grantor so that the attorney in fact has no further authority to act on behalf of the grantor." Doc. #52 at 4–5 (internal alterations omitted). The Court noted that these legal mechanisms "call[ed] into question to what extent, if any[,] this Court may consider [filings] filed [on Rowland's behalf] after Plaintiff's death." *Id*. at 5. Accordingly, the Court stayed this action "until: (i) a proper party is substituted for Plaintiff and such party notifies the Court of her intent to ratify or reject the actions taken on Plaintiff's behalf in this case following Plaintiff's death; (ii) it is determined that [Gail] Crowe, by virtue of her power of attorney (or other relationship), maintains authority to pursue this action in Plaintiff's name; or (iii) Crowe notifies this Court that she no longer wishes to pursue this action." *Id*. at 6.

Four days later, on September 8, 2015, a motion was filed seeking an order substituting Crowe "as the Administratrix of the Estate of Cletas Rowland" or as "the Estate of Cletas Rowland" as party plaintiff. Doc. #53. The motion also asked "that the Court ratify the filings and actions made in this action on Plaintiff's behalf following Plaintiff's death." The motion purported to be filed on behalf of "the Plaintiff." *Id*.

4

On October 16, 2015, GGNSC responded in opposition to the motion to substitute, arguing that the motion should be denied because: (1) the motion was filed on behalf of Rowland, not Crowe; and (2) Crowe is estopped from pursuing the claim currently before the Court. Doc. #56 at ¶¶ 19–21 (citing *Kasting v. Am. Fam. Mut. Ins. Co.*, 196 F.R.D. 595, 598 (D. Kan. 2000)). No reply was filed.

On November 23, 2015, this Court, noting that, "[o]nce a plaintiff dies, he is no longer a party to the case, and any motions filed on his behalf are tantamount to no motion at all," denied the motion to substitute without prejudice. Doc. #58 at 2–3 (citing *Kasting*, 196 F.R.D. at 598). In denying the motion, the Court granted Crowe until November 30, 2015, "to file a motion to extend the Rule 25(a) deadline to allow for the filing of an amended motion for substitution which seeks relief on behalf of a person identified by Rule 25(a)." *Id.* at 3–4. The order further provided that "[s]uch motion to extend, if filed … must … establish excusable neglect for failing to meet the 90-day deadline [of Rule 25 and] not seek extension of the 90-day deadline beyond December 7, 2015." *Id.* at 4. Crowe failed to file a motion for extension within the time allowed.

On December 2, 2015, a "Motion for Additional Time" was filed on Rowland's behalf seeking an extension of Rule 25's 90-day deadline through and until December 7, 2015. Doc. #59. The motion represented that "Plaintiff's counsel overlooked the [November 23] Order of this Court … due to the holiday schedule and taking some time from work." *Id.* The following day, on December 3, 2015, Crowe filed a motion and accompanying memorandum brief seeking to extend the 90-day deadline through and until December 7, 2015. Doc. #60; Doc. #61. This second motion offered no reason as to why Crowe failed to meet the November 30 deadline set

by the Court's November 23 order. On December 4, 2015, this Court denied both motions for extension. Doc. #62.

On February 5, 2016, GGNSC filed a motion to dismiss for failure to comply with Rule 25(a). Doc. #63. Crowe, acting as the administratrix of Rowland's estate, timely responded in opposition. Doc. #64. On March 3, 2016, GGNSC filed a motion to strike Crowe's response. Doc. #67. Five days later, on March 8, 2016, GGNSC replied in support of the motion to dismiss. Doc. #69.

After seeking and receiving an extension, Crowe responded in opposition to the motion to strike on April 1, 2016. Doc. #73; Doc. #74. GGNSC replied in support of the motion to strike on April 11, 2016. Doc. #76.

## II
## Motion to Strike

In the motion to strike, GGNSC argues that, following Rowland's death:

> Crowe's power of attorney became null and void. Ms. Crowe is not currently a party to this action. Consequently, Ms. Crowe has no right to move this court for relief or to respond to any pending motion. Thus Ms. Crowe's response to the motion [to dismiss] should be struck.

Doc. #67 at ¶ 6. Crowe responds that, as the administratrix of Rowland's estate, she "is the correct party to act for the interests of Ms. Rowland" and that the previous denial of substitution "ought not deprive her of the ability to appeal, to ask for the motions to be altered or amended, or to file papers addressing the effect of any dismissal, just as a prospective intervenor ought not be denied any such ability." Doc. #75 at 5–6.

To be sure, neither the Federal Rules of Civil Procedure nor the Local Rules of this Court authorize non-parties to file a response to a motion. *See* L.U. Civ. R. 7(b)(4) ("Counsel for *respondent* must ... file a response and memorandum brief in support of the response.")

(emphasis added). A non-party, however, may submit a brief as an amicus curiae in order to assist the court in reaching a proper decision. *Jin v. Ministry of State Sec.*, 557 F.Supp.2d 131, 136 (D.D.C. 2008). "District courts have inherent authority to appoint or deny *amici* which is derived from Rule 29 of the Federal Rules of Appellate Procedure." *Id.*; *see United States v. State of Louisiana*, 751 F.Supp. 608, 620 (E.D. La. 1990) ("A federal district court possesses the inherent authority to appoint an amicus curiae to assist the court in its proceedings."). Under Appellate Rule 29, amicus status may be granted sua sponte. *See Kaur v. Things Remembered, Inc.*, __ F.3d __, No. 16-80060, 2016 WL 3974179, at *1 (9th Cir. July 20, 2016) (granting amicus curiae status sua sponte). Where a party has sought intervention but has been denied such relief, "it is common practice to allow the applicant to file a brief amicus curiae ...." 7C Fed. Prac. & Proc. Civ. § 1913 (3d ed.) (collecting cases). This practice is followed where the proposed intervenor maintains an interest in being heard in the litigation and has the potential to assist the court in rendering a decision. *See, e.g., Ohio Valley Envt'l Coal., Inc. v. McCarthy*, 313 F.R.D. 10, 32 (S.D.W.V. 2015) ("WVCA can adequately offer its perspective on any issue presented by this litigation—from the most mundane to the ultimate CWA compliance issue—by appearing and being heard as an amicus curiae. The Court assumes that WVCA's perspective would be useful to the existing parties and this Court ....").

Here, Crowe was denied substitution, not intervention. However, upon consideration, the Court concludes that, as the administratrix of the estate of the deceased plaintiff, Crowe possesses an interest in being heard in this litigation. Furthermore, Crowe's point of view as the administratrix would assist the Court in resolving the pending motion to dismiss. Accordingly, the Court will consider Crowe's response to the motion to dismiss as an amicus curiae brief. GGNSC's motion to strike, therefore, is denied.

**III**
**Motion to Dismiss**

Rule 25(a) provides:

> If a party dies and the claim is not extinguished, the court may order substitution
> of the proper party. A motion for substitution may be made by any party or by the
> decedent's successor or representative. If the motion is not made within 90 days
> after service of a statement noting the death, the action by or against the decedent
> *must* be dismissed.

Fed. R. Civ. 25(a) (emphasis added). The parties do not dispute that, insofar as a proper motion

for substitution was not made within ninety days of the notice of death, dismissal is required

under Rule 25(a). Rather, the parties dispute whether the action should be dismissed with or

without prejudice.

### A. Whether Rule 25(a) Requires Dismissal with Prejudice

"To determine the meaning of a Federal Rule of Civil Procedure, courts apply rules of

statutory interpretation."[3] *In re Rhodes Cos., LLC*, 475 B.R. 733, 738 (D. Nev. 2012) (citing

*Delta Air Lines, Inc. v. August*, 450 U.S. 346, 347–62 (1981)). Thus, as a general matter, "[t]he

Federal Rules should be given their plain meaning." *Walker v. Armco Steel Corp.*, 446 U.S. 740,

751 n.9 (1980). With regard to plain meaning, the United States Supreme Court has recognized

that "[t]he plainness or ambiguity of statutory language is determined by reference to the

language itself, the specific context in which that language is used, and the broader context of the

statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997). If there is no plain

---

[3] In her response, Crowe argues that Rule 25 of the Mississippi Rules of Civil Procedure, which requires dismissal
without prejudice, should control the outcome of GGNSC's motion because Mississippi Rule 25 "embodies state
substantive law ...." Doc. #66 at 2–3. "It is a long-recognized principle that federal courts sitting in diversity apply
state substantive law and federal procedural law." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559
U.S. 393, 417 (2010) (internal quotation marks omitted). "[Federal] Rule 25 is a valid procedural rule ..." *Ransom
v. Brennan*, 437 F.2d 513, 520 (5th Cir. 1971). Likewise, the Mississippi Rules of Civil Procedure, which apply in
all civil actions in Mississippi's state courts, are procedural, not substantive. *Zurich Am. Ins. Co. v. Goodwin*, 920
So.2d 427, 433 (Miss. 2006). Accordingly, Mississippi Rule 25 does not control. *See generally Asklar v.
Honeywell, Inc.*, 95 F.R.D. 419, 424 n.6 (D. Conn. 1982) ("It is probably also true, following the principles of
*Hanna v. Plumer*, 380 U.S. 460 (1965), and *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980), that even in
diversity actions, Rule 25(a) time limitations control over inconsistent state statutes.") (internal citations omitted).

meaning, "[c]ourts [may] consider the drafter's intent, and for the Federal Rules of Civil Procedure, the Advisory Committee Notes are illustrative of the Committee's intent." *In re Rhodes Cos., LLC*, 475 B.R. at 738.

GGNSC contends that Rule 25(a)'s silence on the issue of prejudice compels a conclusion that a dismissal under the provision must be with prejudice. Doc. #69 at 4. Although it appears the Fifth Circuit has not addressed whether Rule 25(a) requires dismissal with prejudice, it has affirmed a without prejudice dismissal under the rule. *Broderick-Home v. United States*, 544 F. App'x 479, 480 (5th Cir. 2013). Other courts which have considered the text and the history of Rule 25(a) have held that "the court is no longer required to dismiss with prejudice under Rule 25(a)." *Sydow v. Weyerhaeuser Co.*, No. 14-CV-219, 2015 WL 6962698, at *1 (W.D. Wis. Nov. 10, 2015) (collecting authorities). In light of these authorities, the Court concludes that Rule 25(a) does not require dismissal with prejudice and that, therefore, GGNSC's argument to the contrary is rejected.[4]

---

[4] Although the Court believes that the above authority establishes dismissal with prejudice is not required under Rule 25(a), it will nonetheless address GGNSC's specific argument. GGNSC argues that "[t]he drafters of the Federal Rules intended for dismissal under Rules 4 and 41 to be without prejudice, thus the drafters included express language of the same in the given rules." Doc. #69 at 4 (citing Fed. R. Civ. P 4(m), 41(a)(1)(B), and 41(a)(2)). GGNSC postulates that "[i]f the drafters' of Rule 25 intended that a dismissal pursuant to Rule 25 be without prejudice, they would have included language directing courts to dismiss the claim without prejudice." *Id*. In making this argument, GGNSC invokes the rule of statutory interpretation "that where a statute 'includes particular language in one section of a statute but omits it in another ..., it is generally presumed that [the drafter] acted intentionally and purposely in the disparate inclusion of exclusion.'" *Id*. (quoting *Homesafe Inspection, Inc. v. Hayes*, No. 3:13-cv-209, 2016 WL 347588, at *3 (N.D. Miss. Jan. 28, 2016) (alterations in original).

GGNSC's argument—that a procedural rule's failure to specify whether a dismissal without prejudice necessitates a dismissal with prejudice—is undermined by the provisions of other Federal Rules. The Federal Rules' provisions for dismissal for failure to join an indispensable party, failure to comply with a discovery order, and lack of subject matter jurisdiction—dismissals which indisputably may be without prejudice—do not include language expressly authorizing dismissal without prejudice. *See* Fed R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Fed. R. Civ. P. 19(b) ("If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."); Fed. R. Civ. P. 37(b)(2)(A) (sanction may include "dismissing the action or proceeding in whole or in part"). As argued by GGNSC, Rule 4 requires that a dismissal for failure to effect service be without prejudice; Rule 41(a)(1) directs that a dismissal *by a plaintiff* is without prejudice "[u]nless the notice or stipulation [of dismissal] states otherwise;" and Rule 41(a)(2) instructs that a voluntary dismissal made by court order is without prejudice "[u]nless the order states otherwise." However, Rule 41(a)(2) is merely a rule for interpreting a notice of dismissal by a plaintiff. Furthermore, at most, Rule 4 and Rule

## B. Dismissal in this Action

Having determined that a court has discretion under Rule 25(a) to dismiss a case with or without prejudice, the Court must next decide how to exercise such discretion. Generally, when applying Rule 25(a), courts have dismissed actions with or without prejudice with little to no discussion of their reason for choosing the specific type of dismissal.[5] Other courts, without stating a specific standard, have looked to the plaintiff's diligence, or lack thereof, in determining the nature of dismissal.[6] The Court has found only one federal court[7] which has

---

41(a)(1) (which each require a dismissal without prejudice under specific circumstances) merely support an inference that a rule's omission of language *requiring a dismissal without prejudice* is intentional, such that the absence of such language suggests that a dismissal under the rule is not *required* to be without prejudice. More realistically, however, the text of Rule 4 and Rule 41(a)(1) support an inference that a rule's omission of language *requiring a particular type of dismissal* (whether with or without prejudice) was intentional, such that the absence of such language suggests that a particular type of dismissal (with or without prejudice) under the rule is not required. This latter interpretation, under which silence suggests discretion as to the type of dismissal, is supported by case law. *See generally Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 756 (7th Cir. 1988) ("Section 1915(d) does not specify whether dismissals under that provision are with or without prejudice. The absence of a specific limitation in the statute ... has been construed to mean that Congress intended to leave the decision to dismiss with or without prejudice in the district court's discretion.") (collecting cases). It is also supported by the text of Rule 41(b), which provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Under Rule 41(b), "[a]n involuntary dismissal must be considered to be with prejudice unless the district court specifies that its order is entered without prejudice." *Tuley v. Heyd*, 482 F.2d 590, 594 n.2 (5th Cir. 1973). "Rule 41(b) establishes the presumption that involuntary dismissals [covered by the rule] are with prejudice, although the Court has the discretion to enter the dismissal either with or without prejudice." *Carter v. Telectron, Inc.*, 452 F.Supp. 944, 1000 (S.D. Tex. 1977).

Here, there is no serious dispute that a dismissal under Rule 25(a) is involuntary and is not a dismissal for lack of jurisdiction, improper venue, or failure to join a party under Rule 19. Read within the context of Rule 41(b), a court acting under Rule 25(a) has discretion to dismiss an action with or without prejudice. Therefore, GGNSC's argument that Rule 25(a) *requires* dismissal with prejudice is properly rejected.

[5] *See, e.g.*, *Ashley v. Ill. Ctr. Gulf R.R. Co.*, 98 F.R.D. 722, 724 (S.D. Miss. 1983) (with prejudice); *Melear v. Harrison Cty.*, No. 1:03-cv-674, 2005 WL 3240698, at *6 (S.D. Miss. Nov. 29, 2005) (with prejudice); *Bryant v. Marquart*, No. 3:13-cv-1028, 2015 WL 786955, at *1 (S.D. Miss. Feb. 25, 2015) (with prejudice); *Minor v. R.J. Reynolds Tobacco Co.*, No. 5:07-cv-134, 2009 WL 4840945, at *1 (S.D. Miss. Dec. 9, 2009) (without prejudice); *Tolliver v. City of Dallas*, No. 3:96-cv-2629, 1998 WL 872552, at *2 (N.D. Tex. Nov. 30, 1998) (without prejudice).

[6] *See Yazdchi v. Am. Honda Fin. Corp.*, No. 3:05-cv-0737, 2006 WL 2456495, at *3 n.2 (N.D Tex. Aug. 23, 2006) ("[G]iven the failure of Plaintiffs to move for any enlargement, and absent any attempt on Plaintiff's part to show excusable neglect prior to filing its Notice of Appeal to the Fifth Circuit, the court has no reason to deviate from the Court's holding that dismissal is with prejudice."); *see also Mulvey v. Sonnenschein Nath & Rosenthal LLP*, No. 08-

attempted to articulate a standard for determining dismissal under Rule 25(a). Specifically, in

*Keating v. Leviton Manufacturing Co.*, a district judge in the Eastern District of New York

applied a failure to prosecute standard for determining dismissal under Rule 25(a). No. 06-cv-

6027, 2009 WL 234654, at *2 n.1 (E.D.N.Y. Jan. 30, 2009).

      *Keating* is consistent with the Fifth Circuit rule that a failure to prosecute standard should

apply to dismissals under the Federal Rules which are "the equivalent of a Rule 41(b) dismissal."

*See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (internal quotation

marks omitted) (failure to prosecute standard applied to Rule 4(m) dismissal). Insofar as a

failure to substitute is, in essence, a failure to prosecute an action, the Court concludes that the

*Keating* approach is the correct one and that, therefore, the nature of a dismissal under Rule 25(a)

should be evaluated under a failure to prosecute standard.

      "A dismissal with prejudice is an extreme sanction that deprives the litigant of the

opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir.

1992) (internal quotation marks omitted). A court may dismiss "with prejudice for failure to

prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff,

and (2) the district court has expressly determined that lesser sanctions would not prompt diligent

prosecution, or the record shows that the district court employed lesser sanctions that proved to

be futile." *Id*. (internal footnote omitted). In "most cases" a dismissal with prejudice will be

---

cv-1120, 2011 WL 5191320, at *1 (E.D.N.Y. Oct. 31, 2011) ("[T]he Court gave plaintiff's estate multiple opportunities to substitute a proper party or show cause why dismissal should be held in abeyance. Every opportunity was met with silence by those empowered to act. As such, dismissal with prejudice pursuant to Rule 25(a) is wholly appropriate.").

[7] In *Lavina v. Satin*, an unreported Massachusetts Superior Court case cited by Crowe, the court held that Massachusetts Rule 25, which is identical to Federal Rule 25, grants discretion as to the nature of dismissal, with such discretion requiring consideration of "the timeliness and viability of the plaintiff's underlying claim, the presence or absence of unfair prejudice to the defendant, and the overarching preference for cases to be decided on their merits." No. 13-1012-C, 2015 WL 5612391, at *8 n. 10 (Mass. Super. Ct. Sep. 25, 2015). This decision by a state court outside Mississippi interpreting a state rule of procedure is, of course, not binding on this Court.

justified by the presence of at least one of three aggravating factors: "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (internal alterations omitted). In applying this rule, the Court, however, must limit itself to the rule violation underlying the dismissal, namely, the failure to timely substitute under Rule 25(a). *See Millan*, 546 F.3d at 326–27 (under failure to prosecute standard, where dismissal made for lack of service under Rule 4(m), considering only delay in complying with rule). Accordingly, for a court to dismiss with prejudice under Rule 25: (1) there must be a clear record of delay or contumacious conduct by the plaintiff in failing to substitute; and (2) lesser sanctions would be futile in prompting future compliance with the rule.[8]

A "delay which warrants dismissal with prejudice must be longer than just a few months; instead the delay must be characterized by significant periods of total inactivity." *Millan*, 546 F.3d at 326–27 (internal quotation marks omitted). Contumacious conduct, in turn, is not defined by "a party's negligence – regardless of how careless, inconsiderate, or understandably exasperating – [but by] stubborn resistance to authority which justifies a dismissal with prejudice." *Id.* at 327 (internal quotation marks omitted).

Here, Crowe filed a timely, albeit procedurally improper, motion to substitute less than a month after the notice of death. Doc. #53. After learning of the deficiency in the motion to substitute, Crowe attempted to effect proper substitution through a series of improperly supported and/or late filings. On this record, there is no evidence that the failure to comply with Rule 25 was caused by Rowland or her representatives, rather than counsel; that the delay was intentional, or that the delay prejudiced GGNSC. While the failure to comply with Rule 25 may be characterized as careless and exasperating, the failure does not rise to the level of

---

[8] This approach resonates with the *Yazdchi* and *Mulvey* opinions, which dismissed with prejudice upon finding a record of delay in attempting to comply with Rule 25.

contumacious conduct nor does it evidence a clear record of delay with regard to Rule 25's

mandates.[9] Furthermore, given Crowe's attempts to comply with the rule, the Court believes that

a sanction less than dismissal with prejudice is adequate to ensure future compliance with Rule

25.[10]  Under these circumstances, the Court concludes that dismissal with prejudice would be

inappropriate and that, therefore this action must be dismissed without prejudice under Rule

25(a).[11]

## IV
## Conclusion

For the reasons above:

1.      GGNSC's motion to strike [67] is **DENIED**.

2.      GGNSC's motion to dismiss [63] is **GRANTED in Part and DENIED in Part**.

The motion to dismiss is GRANTED to the extent it seeks dismissal of Rowland's claims under

Rule 25(a) but is DENIED to the extent it seeks dismissal with prejudice.  Accordingly, this

action is **DISMISSED without prejudice**.

3.      GGNSC's second renewed motion to compel arbitration [40] is **DENIED as**

**moot**.

**SO ORDERED**, this 3rd day of August, 2016.


/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[9] As pointed out by GGNSC, Crowe has consistently failed to follow other rules and orders of this Court.  This pattern is not, however, relevant to the Rule 25 dismissal inquiry.

[10] The Court would have reached this conclusion even had it not considered Crowe's response.  *See* L.U. Civ. R. 7(b)(3)(E) (court may not grant a dispositive motion as unopposed).

[11] In reaching this conclusion, the Court declines GGNSC's invitation to engage in a backdoor merits analysis by holding that the arbitration agreement justifies a dismissal with prejudice.  While some circuits consider the merits of a plaintiff's action in a Rule 41(b) analysis, the Fifth Circuit does not.  *Compare Millan*, 546 F.3d at 326, *with Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993) (listing merits of plaintiff's case as relevant factor in Rule 41(b) inquiry).